IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Gary E. Collins, #242273, | ) | |
| | ) | C.A. No.: 2:01-2343-RBH |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| James H. Hodges, William D. Catoe, | ) | **ORDER** |
| Calvin Anthony, all are being sued in their | ) | |
| individual and official capacities, | ) | |
| | ) | |
| Defendants, | ) | |
| _____ | ) | |

Plaintiff, proceeding *pro se*, filed this complaint in state court on April 20, 2001, pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. In this action, the plaintiff challenges the constitutionality under the United States and South Carolina Constitutions of certain provisions of the South Carolina DNA Act, S.C. Code Ann. §23-3-600, *et. seq*. The defendants removed the case to this Court on May 21, 2001. The case was originally assigned to Senior United States District Judge Matthew J. Perry and was re-assigned to the undersigned on April 10, 2006. After the case was reassigned to the undersigned, this Court entered an Order on June 28, 2006 staying the case due to the fact that a case pending on certiorari with the South Carolina Supreme Court[1] might have a bearing on the case. On April 12, 2007, this Court lifted the stay, after the South Carolina Supreme Court issued an opinion in the case.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this matter comes before the court with the Report and Recommendation of United States Magistrate Judge Robert S. Carr, filed July 18, 2002.

---

[1] *Cannon v. South Carolina Department of Probation*, 361 S.C. 425, 604 S.E.2d 709 (Ct. App. 2004), *rev'd*, 371 S.C. 581, 641 S.E.2d 429 (2007).

Based on his review of the record, the Magistrate Judge concludes that the defendants' motion for summary judgment should be granted. The plaintiff filed objections to the Report on August 9, 2002.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

At the time the plaintiff brought this lawsuit, the State Deoxyribonucleic Acid Identification Record Database Act, S.C. Code Ann. § 23-3-600, *et seq*. ("DNA Act") provided for the taking of a DNA sample from persons convicted before July 1, 2000 and "who was sentenced to and is serving a term of confinement on or after July 1, 2000 . . for a violent crime (with certain exclusions)." The DNA Act has since been amended and now covers a broader group of inmates, including convicted felons.

### ***Plaintiff's Claims***

### ***1.  Allegation that DNA Act violates Ex Post Facto Clause***

Plaintiff pleaded guilty on July 8, 1997 in state court to burglary second degree (violent) (serious offense) pursuant to S.C.Code Ann. § 16-11-312(b). He contends that the requirement that he submit a blood test and fingerprints under the DNA Act violates the Ex Post Facto Clause[2]. The plaintiff contends that the requirement that he provide a DNA sample for inclusion in the state's database

---

[2] South Carolina enacted DNAIRDA in July of 1995. The Act was amended in 2000, 2001, and 2004.

violates the Ex Post Facto Clause because this imposes on him additional punishment for the crimes for which he was convicted. This issue has already been decided adversely to the plaintiff's position by the Fourth Circuit Court of Appeals in a case analyzing the Virginia DNA Act. In *Jones v. Murray*, 962 F.2d 302 (4th Cir. 1992), the Fourth Circuit held that the requirement that prisoners provide blood samples is not punitive in nature but for "the sole purpose of establishing a data bank which will aid future law enforcement." *Id.*, 962 F.2d at 309. This Court issued an order recently in *In re: DNA Ex Post Facto Issues*, C.A. No. 2:99-cv-5555, an action involving consolidated cases regarding challenges to the constitutionality of the South Carolina DNA Act on *ex post facto* grounds. In that Order, this Court concluded that the requirement of submitting DNA samples did not violate the Ex Post Facto Clause. Courts across the nation have held likewise. *See*, *e.g., Rise v. State of Oregon*, 59 F.3d 1556 (9th Cir. 1995); *Gilbert v. Peters*, 55 F.3d 237 (7th Cir. 1995); *Shaffer v. Saffle*, 148 F.3d 1180 (10th Cir. 1998); *Vanderlinden v. State of Kansas*, 874 F.Supp. 1210 (D. Kan. 1995); *Kruger v. Erickson*, 875 F.Supp. 583 (D. Minn. 1995).

Plaintiff also asserts that the sentencing judge in his case did not order him to provide a DNA sample and that, therefore, the Department of Corrections did not have the authority to obtain the sample. He cites subsection (2) of S.C. Code Ann. § 23-3-620(C), which requires criminal offenders not otherwise covered by the statute to provide DNA samples when the sentencing judge so orders. However, subsection (2) of the statute does not apply to the plaintiff, since he pleaded guilty to a crime classified as violent by S.C. Code Ann. § 16-1-60 (1976), as amended. Therefore, for the reasons stated by the Magistrate Judge and herein, all objections concerning the Ex Post Facto Clause are overruled.

### *Fourth Amendment*

The plaintiff also objects to the recommendation in the Report of a finding that the requirement

3

of providing a blood sample and fingerprints under the DNA Act does not violate the Fourth Amendment, based upon *Jones v. Murray*, 962 F.2d 302 (4th Cir. 1992).  In his objections, the plaintiff cites *Ferguson v. City of Charleston*, 532 U.S. 67 (2001), wherein he states that searches were conducted without the informed consent of the plaintiff and that the case was accordingly remanded for decision of the consent issue.

In *Ferguson*, staff members at the public hospital operated by the Medical University of South Carolina noticed increasing cocaine use among maternity patients.  They began to test the urine of the patients without their consent and to provide the results to police.  The Supreme Court held that urine tests were searches under the Fourth Amendment and that patients must be informed of their constitutional rights and must knowingly waive them.  In *Ferguson*, searches were performed in an effort to incriminate the patients, without telling them the test was being performed.  In the case at bar, the purpose of the State of South Carolina in enacting the DNA statute was "to develop DNA profiles on samples for law enforcement purposes and for humanitarian and non-law enforcement purposes." S.C. Code Ann. § 23-3-610 (1994).  As the Fourth Circuit Court of Appeals noted in *Jones*, "with the loss of liberty upon arrest comes the loss of at least some, if not all, rights to personal privacy otherwise protected by the Fourth Amendment.  Thus, persons lawfully arrested on probable cause and detained lose a right of privacy from routine searches of the cavities of their bodies and their jail cells. . . as do convicted felons."  *Id*., 962 F.2d at 306.  "As with fingerprinting, therefore, we find that the Fourth Amendment does not require an additional finding of individualized suspicion before blood can be taken from incarcerated felons for the purpose of identifying them."  *Id*., 962 F.2d at 307.  The Court held that the minor intrusion of requiring a blood test was reasonable when weighed against the interest of the government in preserving a permanent identification record of convicting felons for solving

4

crimes. Therefore, based upon *Jones*, the Court finds that the blood testing and fingerprinting required by the South Carolina DNA Act are not violative of the Fourth Amendment.

The plaintiff has also challenged the constitutionality of the statute under the Fifth, Eighth, and Fourteenth Amendments. However, he does not allege any specific objections to the recommendation by the Magistrate Judge as to these theories. Therefore, for the reasons stated by Magistrate Judge Carr, the Court finds that the defendants' motion for summary judgment should be granted as to the remaining federal claims.

The Magistrate Judge recommended that the plaintiff's state law causes of action be dismissed without prejudice. The plaintiff has not objected to this recommendation. Therefore, the plaintiff's causes of action based upon state law are dismissed.

The Court has reviewed the Report, pleadings, objections, and applicable law. The Court adopts the Report and Recommendation and incorporates it herein by reference. Defendants' motion for summary judgment is **GRANTED** as to the plaintiff's federal claims. The plaintiff's state law claims are dismissed without prejudice.

**IT IS SO ORDERED.**

                                            s/ R. Bryan Harwell
                                            R. Bryan Harwell
                                            United States District Judge

Florence, SC
October 24, 2007